**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6276**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTHONY CHARLES CARTER,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:06-cr-00100-NCT-1; 1:16-cv-00890-NCT-JLW)

Submitted: August 17, 2018                Decided: August 30, 2018

Before GREGORY, Chief Judge, and WILKINSON and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Anthony Charles Carter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Charles Carter seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).[1] "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on November 28, 2017. The notice of appeal was filed on March 12, 2018.[2] Because Carter failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[1] Although Carter's notice of appeal contained a motion to reopen the appeal period, it was not timely filed within 14 days of receipt of notice of entry of the judgment and, therefore, the district court could not grant the motion. Fed. R. App. P. 4(a)(6)(B).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*